| |
|---|
| **Graulau v Rosenberg** |
| 2023 NY Slip Op 34551(U) |
| December 19, 2023 |
| Supreme Court, Kings County |
| Docket Number: Index No. 512824/2019 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 19th day of December 2023

HONORABLE FRANCOIS A. RIVERA

-----------------------------------------------------------------------X

RAPLH GRAULAU and JEANETTE DEPINTO

**DECISION & ORDER**

Plaintiff,

Index No.: 512824/2019

- against -

ARNOLD W. ROSENBERG

Defendants.

-----------------------------------------------------------------------X

Recitation in accordance with CPLR 2219 of the papers considered on the order to show cause filed on October 9, 2023 and signed on November 6, 2023, under motion sequence number five, by Patricia Depinto, as Administrator of the Estate of Jeannette Depinto, (hereinafter the movant) for an order: (1) pursuant to CPLR 603, severing plaintiff, Jeannette Depinto's, negligence cause of action from the negligence cause of action asserted by co-plaintiff, Ralph Graulau; (2) pursuant to CPLR 1015 and 1021, substituting Patricia Depinto, as Administrator of the Estate of Jeannette Depinto, deceased, in place of plaintiff, Jeannette Depinto , and also McMahon, Martine & Gallagher, LLP and/or Allstate Insurance Company, as temporary administrator of the estate of deceased defendant, Arnold W. Rosenberg, in the severed action; (3) extending the time for Patricia Depinto, as Administrator of the Estate of Jeannette Depinto, deceased, to file the Note of Issue in the severed action; and (4) for such other and further relief as to this Court deems just and proper.

-Order to show cause
-Affirmation in support
  Exhibits A-G
-Affirmation in opposition

## BACKGROUND

On June 10, 2019, plaintiffs Ralph Graulau and Jeanette Depinto commenced the instant action for damages for personal injury by filing a summons and verified complaint with the Kings County Clerk's office (KCCO).

[* 1]

On July 2, 2019, defendant Arnold W. Rosenberg interposed and filed a verified answer with the KCCO. Plaintiffs' verified complaint and bill of particulars allege the following salient facts. On November 15, 2017, at approximately 12:45 pm., Ralph Graulau was operating a motor vehicle that was lawfully parked in the parking lot of Costco located at 976 3rd Avenue, Brooklyn, New York. At that time, date and place, defendant Arnold W. Rosenberg struck the parked vehicle that Ralph Graulau was inside of. The collision caused Ralph Graulau to sustain serious physical injuries. The collision was caused by Arnold W. Rosenberg's negligent operation of his vehicle. At that time, place and location, Arnold W. Rosenberg also struck and seriously injured plaintiff Jeanette Depinto who was a pedestrian lawfully walking in the same parking lot of Costco.

**THE DEATH OF THE PARTIES**

It is undisputed that, after issue was joined, each one of the parties passed away[1]. Defendant Arnold W. Rosenberg passed away on October 7, 2019. Jeanette Depinto passed away on July 9, 2020, and plaintiff Ralph Graulau passed away on September 4, 2020.

The instant order to show cause was submitted by the law firm of Parker Waichman LLP, the attorney of record for both plaintiffs prior to their passing. The law firm has been retained by Patricia Depinto, the appointed administrator of the estate of Jeanette Dipinto, and has made the instant motion on her behalf.

**LAW AND APPLICATION**

Generally, the death of a party divests a Court of jurisdiction to act and automatically stays proceedings in the action pending the substitution of a legal representative for the decedent

---

[1] In a decision and order dated January 5, 2022, Justice Lawrence Knipel stated the date of death for each party and denied the defendant's motion to restore the action to active status based on the death of the parties without a proper substitution by the representatives of their respective estates.

(*Aurora Bank FSB v Albright*, 137 AD3d 1177, 1178 [2nd Dept 2016], citing *NYCTL 2004–A Trust v Archer*, 131 AD3d 1213, 1214 [2nd Dept 2015]; see CPLR 1015, 1021). Furthermore, the death of a party terminates the authority of the attorney for that person to act on his or her behalf (*Aurora Bank FSB*, 137 AD3d at 1178, quoting *Hyman v Booth Mem. Hosp.*, 306 AD2d 438 [2nd Dept 2003]). CPLR 1021 creates an exception to the Court's lack of jurisdiction to the extent of permitting a motion for substitution and, conversely, a motion for dismissal for failure to make timely substitution (N.Y. C.P.L.R. 1021 (McKinney) (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of N.Y. Practice Commentary CPLR C1021:2).

Here, Patricia Depinto, the movant, is seeking, among other things, an order substituting herself as plaintiff, in her capacity as the representative of the estate of Jeanette Depinto. She is also seeking an order substituting McMahon, Martine & Gallagher, LLP and/or Allstate Insurance Company, as temporary administrator of the estate of the deceased defendant, Arnold W. Rosenberg.

The movant, however, is not seeking an order substituting a representative of the estate of the co-plaintiff Ralph Graulau. Normally, until each deceased party has a representative of the estate appointed, and that representative is appointed pursuant to an order obtained by a notice of motion, the automatic stay provision triggered by CPLR 1015 remains in effect.

Furthermore, when a motion for substitution is made by a party other than the estate of the decedent, the motion papers must be served on the decedent's representative with all the formalities that CPLR Article 3 prescribes for service of process (*Horseman Antiques, Inc. v. Huch*, 50 AD3d 963, 856 [2nd Dept 2008]; *GMAC Mortgage Corp. v Tuck*, 299 AD2d 315 [2nd Dept 2002]).

[* 3]

Here, the instant motion was not served upon a representative of the estate of Ralph Graulau with all the formalities that CPLR Article 3 prescribes for service of process.

However, for the sake of judicial efficiency, the automatic stay provision of CPLR 1015 is hereby lifted solely to grant that branch of Patricia Depinto's motion seeking to be substituted as plaintiff in her capacity as the representative of the estate of Jeanette Depinto. The balance of the motion is denied, and the action will remain automatically stayed by operation of law until a proper substitution for plaintiff Ralph Graulau and defendant Arnold W. Rosenberg is made or until such further order of the Court. (*Gonzalez v. Ford Motor Co.*, 295 A.D.2d 474 [2nd Dept. 2002]).

The new caption will be as follows:

------------------------------------------------------------------X
RAPLH GRAULAU and PATRICIA DEPINTO, as
representative of the estate OF JEANNETTE DEPINTO

Plaintiffs

- against -

ARNOLD W. ROSENBERG

Defendants
------------------------------------------------------------------X

**CONCLUSION**

The branch of the order to show cause by Patricia DePinto, as administrator of the estate of Jeannette Depinto for an order pursuant to CPLR 1015 and 1021, substituting Patricia Depinto, as administrator of the estate of Jeannette Depinto, in place of plaintiff Jeannette Depinto is granted.

[* 4]

The branch of the order to show cause by Patricia Depinto, as administrator of the estate of Jeannette Depinto for an order pursuant to CPLR 603, severing plaintiff, Jeannette Depinto's, negligence cause of action from the negligence cause of action asserted by co-plaintiff, Ralph Graulau is denied.

The branch of the order to show cause by Patricia Depinto, as administrator of the estate of Jeannette Depinto for an order pursuant to CPLR 1015 and 1021, substituting McMahon, Martine & Gallagher, LLP and/or Allstate Insurance Company, as temporary administrator of the estate of deceased defendant, Arnold W. Rosenberg, in the severed action is denied.

The branch of the order to show cause by Patricia Depinto, as administrator of the estate of Jeannette Depinto for an order extending the time for Patricia Depinto, as Administrator of the Estate of Jeannette DePinto to file the Note of Issue in the severed action is denied.

The action remains stayed pursuant to CPLR 1015.

The foregoing constitutes the decision and order of this Court.

ENTER:  _____François A. Rivera_____
                              J.S.C.

[* 5]